IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PAUL REDONDO GONZALEZ | § | |
| VS. | § | CIVIL ACTION NO. 1:04cv385 |
| STATE OF TEXAS | § | |

<u>MEMORANDUM OPINION REGARDING TRANSFER</u>

Petitioner Paul Redondo Gonzalez, a former prisoner, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has been released from prison on mandatory supervision and is currently living at a halfway house in Beaumont, Texas.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Discussion</u>

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner is required to file his federal petition for writ of habeas corpus in either the district where the prisoner is incarcerated or the district where the prisoner was convicted and sentenced. 28 U.S.C. § 2241(d). Although both district courts have jurisdiction to entertain the application, "[t]he district court for the district wherein such an application is filed in

the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." *Id.*

Petitioner originally filed this action challenging the constitutionality of a 1981 Jefferson County conviction. Because he was no longer in custody pursuant to that conviction, the magistrate judge recommended dismissing the petition. In his objections to the report and recommendation, petitioner asserts he is challenging his 1994 Midland County conviction, which was enhanced by the 1981 conviction.

The court has determined that the interests of justice would best be served by transferring this petition to the district where petitioner was convicted and sentenced. Therefore, the petition should be transferred to the Western District of Texas for hearing and determination. An order transferring the case will be entered by the undersigned.

**SIGNED this the 18th day of May, 2005.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE